# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| DWAYNE RHOINEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) CAUSE NO. 3:17-CV-147-JD-JEM |
| SUPERINTENDENT, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Dwayne Rhoiney, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 16-12-11) at the Indiana State Prison where a Disciplinary Hearing Officer (DHO) found him guilty of assault in violation of Indiana Department of Correction (IDOC) policy A-102 on December 7, 2016. ECF 1 at 1. As a result, he was sanctioned with the loss of 120 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. Rhoiney identifies two grounds in his petition which he claims entitles him to relief.

In Ground One, Rhoiney argues that the DHO did not have sufficient evidence to find him guilty because there was no evidence of serious bodily injury. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a

1

modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

An inmate violates IDOC A-102 by "[c]omitting battery/assault upon another person with a weapon (including the throwing of body fluids or waste on another person) or inflicting serious bodily injury." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The IDOC defines "serious bodily injury" as follows:

> An injury to a person that requires urgent and immediate medical treatment (normally more extensive than mere first aid, such as bandaging a wound; but which might include stitches, setting of broken bones, treatment of concussion, etc.) and/or that creates a substantial risk of death or that causes:
> - Serious permanent disfigurement;
> - Unconsciousness;
> - Extreme pain;
> - Permanent or protracted loss or impairment of the function of a bodily member or organ; or
> - Loss of a fetus.

The Disciplinary Code for Adult Offenders. http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf.

The Conduct Report charged Rhoiney as follows:

> On December first 2016 I Officer Smith was in the process of running chapel lines. Offender Rhoiney 158379 had not left C cell house. I went up toward the five hundred range when I saw the offender on four west. He had told me that he was not going to go. I informed him that he had to secure since that was the case. He then ran up the stairs. I headed towards his cell and called for the OIC to call the offender to his cell. I walked toward the front of five hundred range to wait for him. Offender Rhoiney then came from five hundred west and began to argue with me about securing. The offender then struck me on the left side of my head and then lunged at me. I then placed offender Rhoiney on the ground. While he was on the

ground the offender bit me on my ring finger on the right hand (ring finger). At that time Officer Hanas had arrived on five hundred range to help while I was calling for help.

ECF 8-1.

In this case, the DHO had sufficient evidence to find Rhoiney guilty. The DHO received evidence that Rhoiney struck Officer Smith in the head, lunged at him, and bit Officer Smith's finger. The DHO also learned that, as a result of this altercation, Officer Smith was treated at an outside hospital for a sprained ankle. ECF 8 at 14. It would not have been arbitrary or unreasonable for the DHO to conclude that Officer Smith experienced "extreme pain" or that he sustained an injury that required "urgent and immediate medical treatment" as a result of this incident. Thus, the DHO could have reasonably found that Officer Smith's injuries qualified as "serious bodily injury." Rhoiney argues that the DHO "couldn't reasonably infer the victim experienced extreme pain. If so, the inference is unreasonably speculative and without merit." ECF 12 at 1. Yet, it was the exclusive province of the DHO, not this court, to weigh the evidence. Because there was sufficient evidence to support the finding of guilt, Ground One does not provide a basis for granting habeas corpus relief.

In Ground Two, Rhoiney argues that he was denied access to personally review the evidence that the DHO relied upon. During his screening, Rhoiney asked to review the incident report, Officer Smith's medical report, and photographs of Officer Smith's finger. ECF 8-3. However, it does not appear that there was an existing photograph of Officer Smith's finger, and Rhoiney did not have a right to the creation of evidence that did not already exist. While prisoners have the right to request evidence, this right is limited to evidence that already exists. *See Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . . ."); *Rhatigan v. Ward*, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006); *Arthur v.*

*Ayers*, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates not entitled to laboratory testing of substances). With regard to his other requests, the DHO reviewed the incident report and Officer Smith's medical report. However, these documents were deemed confidential and Rhoiney was not permitted to personally review this evidence. The DHO's refusal to permit Rhoiney to personally review the report from an internal investigation, or the federally-protected medical records of his victim, did not violate Rhoiney's due process rights. "[P]rison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . ." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Rhoiney had a right to have the evidence reviewed by the DHO — he did not have the right to personally review all of the evidence himself. Thus, Ground Two does not identify a basis for granting habeas corpus relief.

If Rhoiney wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit C*ourt, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case. Dwayne Rhoiney is **DENIED** leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: September 27, 2017

                                                    /s/ JON E. DEGUILIO
                                                    Judge
                                                    United States District Judge